IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| NATHAN ADAM SPINK | § | |
| v. | § | CIVIL ACTION NO. 6:21cv361 |
| GREGG COUNTY JAIL, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The Plaintiff Nathan Spink, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On September 23, 2021, Plaintiff was ordered to pay an initial partial filing fee of $60.00, in accordance with 28 U.S.C. §1915(b). On October 7, 2021, Plaintiff wrote to the Court stating that he has been transferred to the Upshur County Jail and that he has been unable to submit payment. He has not contacted the Court since that time.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Plaintiff's failure to prosecute his case is demonstrated by his failure to pay the initial partial filing fee or to contact the court in any way for almost two years. *See Callier v. Cain*, civil action no. 3:11cv2144, 2012 U.S. Dist. LEXIS 93830, 2012 WL 2602958 (W.D.La., June 6, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 93835, 2012 WL 2674595 (W.D.La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he

has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago"); *Latney v. Kemp*, civil action no. 4:08cv111, 2010 U.S. Dist. LEXIS 56630, 2010 WL 2301684 (S.D.Miss., May 17, 2010), *Report adopted at* 2010 U.S. Dist. LEXIS 56629, 2010 WL 2301678 (S.D.Miss., June 7, 2010) (noting that "the Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases" and observing that the plaintiff had not contacted the court by any method in over six months); *Wheatley v. Scott*, civil action no. 1:12cv317, 2018 U.S. Dist. LEXIS 114271, 2018 WL 3371925 (E.D.Tex., June 15, 2018), *Report adopted at* 2018 U.S. Dist. LEXIS 114077, 2018 WL 3369422 (E.D.Tex., July 10, 2018) (dismissed for failure to prosecute after the plaintiff did not contact the Court for some two years).

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to pay the initial partial filing fee or to show good cause for his failure to do so, or to contact the Court for almost two years, are not actions which threaten the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case.

Plaintiff's amended complaint indicates that his claim arose in August of 2021. Thus, it appears that a dismissal without prejudice could place the claims at risk of a dismissal with prejudice because of the statute of limitations. The Fifth Circuit has held that a dismissal for failure to prosecute which is tantamount to a dismissal with prejudice can be an abuse of discretion unless

there is a showing of contumacious conduct, of which there is none in this case. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

Consequently, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of sixty days following the date of entry of final judgment. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.2d 799, 802 (5th Cir. 1992).

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. It is further recommended that the statute of limitations be suspended for a period of sixty (60) days from the date of entry of final judgment.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

So ORDERED and SIGNED this 7th day of July, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).